[No. 17430. Department One. November 24, 1922.]

CHRISSIE S. BREWER, *as Executrix etc., et al., Respondents,* v. OLIVE F. DUNNING *et al., Appellants,* M. M. STEWART COMPANY, *Defendant.*[1]

TAXATION (64)—ASSESSMENT—OMITTED PROPERTY—DUTY OF ASSESSOR—AUTHORITY OF COUNTY TREASURER—STATUTES. Under Rem. Comp. Stat., § 11112, making it the duty of the assessor to list for the current year any property omitted the preceding year, the county treasurer cannot levy an assessment upon an automobile upon the county commissioners' cancellation of a tax thereon because assessed to the wrong party.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered April 1, 1922, upon findings in favor of the plaintiffs, in an action to enjoin the collection of a tax, tried to the court. Affirmed.

[1]Reported in 210 Pac. 672.

*George Acret* and *R. A. Lathrop,* for appellants.

*F. L. Morgan,* for respondents.

*J. E. Stewart,* for defendant.

MACKINTOSH, J.—The county assessor of Grays Harbor county made up a detail sheet, levying and assessing the estate of L. H. Brewer for an automobile, as personal property belonging to Brewer on March 1, 1920. Subsequently the board of county commissioners, upon a showing that Brewer did not own the automobile on that date, cancelled the assessment and it was withdrawn from the rolls. The county treasurer then, upon what is called a "supplemental personal tax list," made an entry whereby this automobile was attempted to be assessed and a tax levied thereon against either the automobile company which had sold the car to Brewer or to the respondent Morgan, who had purchased it from the estate in September, 1920. The officials, threatening to seize the automobile and sell it for the personal property tax for 1920, this action was begun to restrain them.

Although the briefs in this case have taken a very wide range, as we view it, the question involved is a very simple one. When it had been determined that the automobile was improperly assessed to Brewer and the assessment was cancelled, it was not in the province of the county treasurer to make an assessment and levy a tax on this article of personal property. The county treasurer has no such authority under the law. The property, if it was subject to tax, should have been assessed by the county assessor and listed against the person who owned it on March 1, 1920. Section 11112, Rem. Comp. Stat., exactly covers this situation. It provides the method by which the tax should be collected for the year 1920:

"The assessor, upon his own motion, or upon the application of any taxpayer, shall enter in the detail and assessment list of the current year, any property shown to have been omitted from the assessment list of any preceding year, at the valuation of that year, or if not then valued, at such valuation as the assessors shall determine from the preceding year, and such valuation shall be stated in a separate line from the valuation of the current year."

Upon the cancellation of the assessment against the Brewer estate, the automobile then was property omitted from the assessment list of the year 1920, and was subject to a proper assessment by the proper officer; to wit, the assessor, on the next assessment list he was to make.

The attempted assessment, with the threat to distrain the property and sell it to satisfy the tax for 1920, was illegal, and the trial court was correct in granting the relief prayed for by the respondent. Judgment affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.